IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICHARD EVANS,

*Petitioner*,

v.

UNITED STATES OF AMERICA,

*Respondent*.

Criminal No. ELH-09-0236
(Civil Action No. ELH-14-3015)

**MEMORANDUM OPINION**

Richard Evans was convicted in 2010 of the offense of possession of stolen ammunition, in violation of 18 U.S.C. § 922(j), and sentenced to 120 months' imprisonment.  ECF 50; ECF 51.  Evans, who is now self-represented, has filed a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (ECF 55, "Petition"), along with supporting memorandum and exhibits.  ECF 55-1; ECF 55-2; ECF 55-3.[1]  Because of the government's belated response, Evans has also filed a "Motion for Judgment on the Merits of Unopposed § 2255 Motion" (ECF 62, "Motion for Default Judgment"), contending that the government's failure to timely respond entitles him to default judgment.  ECF 62.  The government has filed oppositions to both motions, with exhibits (ECF 67; ECF 68), to which Evans has replied. ECF 71, "Reply."

No hearing is necessary to resolve the Petition or the Motion for Default Judgment.  For the reasons that follow, I will deny the Motion for Default Judgment and the Petition.

**I. Factual and Procedural Background**

On April 30, 2009, Evans was indicted for possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  ECF 1.  In a Superseding Information (ECF 31),

---

[1] The case was initially assigned to Judge Benson E. Legg.  It was subsequently reassigned to me due to the retirement of Judge Legg.

Evans was charged with possession of stolen ammunition, in violation of 18 U.S.C. § 922(j). Pursuant to a Plea Agreement dated November 6, 2009 (ECF 44), and signed November 17, 2009 (*id.* at 8), Evans entered a plea of guilty on January 7, 2010, to the offense of possession of stolen ammunition.  *See* ECF 42; ECF 44; *see also* ECF 43, "Waiver of Indictment."  The Plea Agreement was entered pursuant to Fed. R. Crim. P. 11(c)(1)(C), in which the parties jointly recommended a sentence of 120 months' imprisonment.  ECF 44 at 5, ¶ 7.

The Plea Agreement included a Statement of Facts which stated, *inter alia*, that Evans "admitted to ownership" of a "20 gauge shotgun round" and that "the shotgun round had been stolen and that [Evans had] knowledge that the ammunition [had] been stolen."  ECF 44 at 5, ¶ 6. The Statement of Facts also provided that the "20 gauge shotgun round was manufactured outside the State of Maryland and therefore affected interstate commerce prior to its recovery . . . ." *Id.*[2]

On April 15, 2010, Evans appeared for sentencing. ECF 50. The Court accepted the parties' recommendation as to a sentence and imposed the agreed-upon sentence of 120 months' imprisonment.  ECF 51 (Judgment, entered April 16, 2010).  Evans did not appeal, and his right to appeal expired on or about April 30, 2010.  *See* Fed. R. App. P. 4(b)(1)(A).  The one-year statute of limitations for § 2255 petitions expired the following year, on or about April 30, 2011. *See* 28 U.S.C. § 2255(f).

More than three years later, on September 23, 2014, Evans filed the Petition.  ECF 55. Two days later, I issued an Order directing the government to submit its response within sixty days, *i.e.*, by November 25, 2014.  ECF 56.  When the time elapsed, without a response, I again contacted the government, by Order of January 15, 2015, and directed the government to respond

---

[2] The Plea Agreement (ECF 44) describes the ammunition in question as a ".20 gauge live shotgun shell" and a "20 gauge shotgun round."  ECF 44 at 4-5.

by January 30, 2015.  ECF 57. The Petition went unanswered and, eventually, on October 15, 2015, Evans filed a Motion for Default Judgment.  ECF 62.  In that Motion, Evans argued that his Petition is unopposed.  *Id.* at 3.  Further, he claimed that the Petition should be granted on its merits.  *Id.* at 2.

The next day, on October 16, 2015, this Court received a letter from the government, addressing its delayed response. ECF 64. The government explained that the Assistant United States Attorney ("AUSA") to whom the case was initially assigned had left the office.  Because the criminal case was closed at the time of the AUSA's departure, the case was not reassigned. *Id.*  As a result, my notices to the government were inadvertently mishandled and overlooked.  In ECF 67, the government has provided greater detail as to what transpired to cause its delayed response. ECF 67 at 1–2.  Moreover, once aware of its error, the government acted swiftly to respond.  *See* ECF 67; ECF 68.

Additional facts are included in the Discussion.

## II. Standard of Review

Pursuant to 28 U.S.C. § 2255(a), a prisoner in federal custody may "move the court which imposed the sentence to vacate, set aside or correct the sentence," but only on certain grounds: "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . ."  *See also United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015).

Collateral attack is not a substitute for direct appeal; failure to raise certain issues on direct appeal may render them procedurally defaulted on post-conviction review.  *United States v. Frady*, 456 U.S. 152, 165 (1982); *accord Bousely v. United States*, 523 U.S. 614, 630 (1998).

As a general rule, a petitioner who fails to raise a claim on direct appeal is barred from raising the claim on collateral review. *Sanchez–Llamas v. Oregon*, 548 U.S. 331, 350–51 (2006). However, this bar generally does not apply to claims pertaining to ineffective assistance of counsel. *See, e.g.*, *Massaro v. United States*, 538 U.S. 500, 503–04 (2003).

Under 28 U.S.C. § 2255(b), the post-conviction court must hold a hearing "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief. . . ." *See, e.g.*, *United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). Courts have determined that a hearing is not necessary where "the motion . . . fail[s] to allege sufficient facts or circumstances upon which the elements of constitutionally deficient performance might properly be found [or] where the defendant has failed to present any affidavits or other evidentiary support for the naked assertions contained in his motion." *United States v. Taylor*, 139 F.3d 924, 933 (D.C. Cir. 1998) (internal quotation marks and citation omitted); *accord United States v. McGill*, 11 F.3d 223, 225–26 (1st Cir. 1993). On the other hand, a hearing is generally "required when a movant presents a colorable Sixth Amendment claim showing disputed material facts and a credibility determination is necessary to resolve this issue." *United States v. Robertson*, 219 Fed. App'x 286, 286 (4th Cir. 2007); *see also United States v. Ray*, 547 Fed. App'x 343, 345 (4th Cir. 2013).

In reviewing Evans's Petition, the Court is mindful that a self-represented litigant is generally "held to a 'less stringent standard[ ]' than is a lawyer, and the Court must liberally construe his claims, no matter how 'inartfully' pled." *Morrison v. United States*, RDB-12-3607, 2014 WL 979201, at *2 (D. Md. Mar. 12, 2014) (internal citations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that claims of self-represented litigants are held "to less stringent standards than formal pleadings drafted by lawyers"); *Bala v. Commonwealth of Va. Dep't of Conservation & Recreation*, 532 F. App'x

4

332, 334 (4th Cir. 2013) (same).   Nevertheless, I am satisfied that no hearing is necessary to resolve Evans's claims.

### III. Discussion

The Petition contains two principal contentions.   First, Evans argues that his conviction is unconstitutional because it violated the Tenth Amendment to the Constitution.   In this regard, he argues that his crime was purely "local" in nature, and therefore his prosecution under 18 U.S.C. § 922(j) "violated principles of federalism."   ECF 55 at 4.   Second, Evans makes a statutory argument that 18 U.S.C. § 922(j) requires that a person possess multiple rounds of ammunition in order to commit the federal offense in issue.   In Evans's view, Congress did not intend § 922(j) to apply to his conduct.   ECF 55 at 18.

In addition, I must determine whether Evans is entitled to default judgment. ECF 62. And, based on the provisions of 28 U.S.C. § 2255(f), I must determine whether the Petition is untimely and, if so, subject to equitable tolling.   ECF 55 at 12.

### A.  Default Judgment

Because the government did not timely respond to Evans's § 2255 Petition, Evans filed a Motion for Default Judgment.   ECF 62.   As noted, the government opposes the Motion for Default Judgment.   ECF 67.

The cases are legion making clear that courts generally do not grant default judgments to prisoners in post-conviction proceedings.   *See, e.g.*, *Quinones-Torres v. United States*, 240 Fed. App'x 876, 878 (1st Cir. 2007) (finding that the appellant was not "entitled to a default judgment simply because the government did not file an opposition to his habeas petition") (citations omitted); *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment.");

*United States v. Mendenhall*, 12-CV-0432, 10-CR-0044, 2014 WL 4773970, at *4 (D. Idaho Sept. 24, 2014) (denying motion for default judgment as procedurally improper and "because default judgment is not available in habeas proceedings"); *Ramirez-Morazan v. United States*, 13-CV-329, 11-CR-0018, 2014 WL 3110017, at *4 (E.D.N.C. July 7, 2014) (noting that "a motion for entry of a default judgment" is "not applicable in the context of a § 2255 motion"); *Sagoes v. United States*, 11-CV-1188, 09-CR-0049, 2014 WL 1681596, at *3 (N.D. Ga. Apr. 28, 2014) ("[D]efault judgment is not contemplated in the context of a § 2255 motion, and is never available against the United States unless the claimant produces sufficient evidence to substantiate his claim on the merits."); *Hasty v. United States*, 13-CV-0270, 09-CR-0855, 2013 WL 6839896 at *2 (D.S.C. Dec. 23, 2013) (finding that although the government did not provide "any excuse for filing its motion well beyond the deadline" default judgment is "not appropriate in habeas actions, including § 2255 actions"); *Whyte v. United States*, RDB-12-CV-1141, RDB-10-CR-0212, 2013 WL 1721736, at *4 (D. Md. Apr. 19, 2013) (citing the "Fourth Circuit's preference for disposition on the merits" in denying default judgment as to a § 2255 petition); *Thompson v. United States*, 09-CV-410, 2010 WL 3782028, at *4 (E.D. Tex. Aug. 23, 2010) (stating that "default judgment is inappropriate even when the Government inexcusably disregards a district court's orders to respond to a petition" and that "[t]o hold otherwise would improperly place the burden of default on the community at large").

In any event, default judgment is not appropriate in this case for several reasons. This is not a case of intentional delay by the government. As noted, the Court sent a request for response to the original prosecutor (ECF 56; ECF 57), but that prosecutor was no longer a member of the United States Attorney's Office when the Petition was filed. The government acted promptly once it was made aware of what had occurred. ECF 66. On October 16, 2015,

new counsel was assigned for the government and, on the same date, counsel advised the Court

of his intent to respond promptly to the § 2255 motion.  ECF 64.  The government filed its

opposition to the motion for default judgment on October 20, 2015 (ECF 67), and on October 23,

2015, it filed its opposition to the Petition.  ECF 68.  Those filings were made within days after

the government realized its error. *See* ECF 68.

Evans argues that because his Petition has merit, he would have been entitled to an

immediate release had the government timely responded.  ECF 62 at 3.  However, as discussed

below, Evans's claims lack merit.  Moreover, as the government notes, its delay will not deprive

Evans of "a full and fair consideration" of his § 2255 Petition.  ECF 67 at 4.  Thus, Evans has not

been prejudiced by the delay.

For these reasons, Evans is not entitled to default judgment.

## B. Timeliness and Equitable Tolling[3]

Under the provisions of 28 U.S.C. § 2255(f), the one-year limitations period for the filing

of a petition under § 2255 runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental
action in violation of the Constitution or laws of the United States is removed, if
the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme
Court, if that right has been newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have
been discovered through the exercise of due diligence.

---

[3] The government opted not to address the matter of limitations under 28 U.S.C.
§ 2255(f), explaining that this would have required the government to consider the substance of
*Bond v. United States*, ___U.S.___, 134 S. Ct. 2077 (2014), which it had to do in any event in
order to address the merits.  *See* ECF 68 at 3 n.1.  So, it proceeded to the merits.

Evans's conviction became final for the purpose of the limitations period set forth in § 2255(f) upon the expiration of the time for filing a notice of appeal. *United States v. Clay*, 537 U.S. 522, 524 (2003); *United States v. Wilson*, 256 F.3d 217, 221 (4th Cir. 2001). Evans's time for filing a notice of appeal expired fourteen days after entry of the judgment on April 16, 2010. *See* Fed. R. App. P. 4(b)(1)(A); ECF 51. Thus, the one-year limitations period expired on or about April 30, 2011. Evans filed the instant Petition on September 23, 2014, more than three years after the expiration of the limitations period. ECF 55. Therefore, the Petition is time barred, unless there is a ground for equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 650–51 (2010) (finding equitable tolling applies to one-year limitation period in 28 U.S.C. § 2244(d)); *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (applying equitable tolling to one-year limitation period in 28 U.S.C. § 2255).

Equitable tolling is available in "'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party.'" *Whiteside*, 775 F.3d at 184 (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)) (additional citations omitted); *see United States v. Oriakhi*, 394 Fed. App'x 976, 977 (4th Cir. 2010); *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2001); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). The doctrine is meant to apply only where there are "extraordinary circumstances." *Holland*, 560 U.S. at 634.

For relief under a theory of equitable tolling, an otherwise time-barred petitioner must demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). However, only "'reasonable

diligence'" is required.  *Holland*, 560 U.S. at 653 (citation omitted).  There is no requirement for "maximum feasible diligence."  *Id.* (Citations and internal quotations omitted).

Ordinarily, a claim of ineffective assistance of counsel does not warrant equitable tolling. *See Holland*, 560 U.S. at 651-51; *Harris*, 209 F.3d at 328, 331 (denying equitable tolling where attorney conceded that he gave petitioner "erroneous" advice regarding the deadline for filing his habeas petition).   Nor is a petitioner's lack of familiarity with the law considered an extraordinary circumstance warranting equitable tolling.  *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (applying 28 U.S.C. § 2255).

Evans attributes his filing delay to an "intervening change of substantive law. . . ."  ECF 55 at 10.  In particular, he points to the ruling of the United States Supreme Court on June 2, 2014, in *Bond v. United States*, ____ U.S. ____, 134 S. Ct. 2077 (2014).  *Id.*  Evans contends that *Bond* recognized a "new right" that impacts his prior conviction.  ECF 55 at 12.  According to Evans, *Bond* establishes that his conduct is "only subject to local prosecution" (ECF 55 at 12), not prosecution under § 922(j), and because of *Bond* he is able to "invoke[] the doctrine of equitable tolling."   *Id.*

Evans states, ECF 55 at 12:

> The date for which tolling begins under 2255 following a substantive change of the law is the date of the Supreme Court decision recognizing the new right.  *Dodd v. United States*, 454 U.S. 353, 357–58 (2005).  Evans has a year from June 2, 2014, to file his first § 2255 motion.  Accordingly, for these reasons, his petition is timely filed.

In *Bond*, the Supreme Court reversed a defendant's conviction for violating the Chemical Weapons Implementation Act ("CWIA").  *Bond*, 134 S. Ct. at 2085.  The defendant, Ms. Bond, had spread toxic chemicals around the home of another woman with whom she believed her husband had an affair.  *Id*. at 2081.  Her conduct led to a charge of violating, *inter alia*, 18 U.S.C.

§ 229(a)(1), which bans the possession or use of chemical weapons. *Id*. at 2080. The defendant maintained that her conduct was outside the scope of what 18 U.S.C. § 229(a)(1) was intended to penalize. *Id*. at 2087. The Supreme Court agreed. *Id*. at 2093–94.

Of import here, the Supreme Court rested its finding on principles of federalism and congressional intent as to the CWIA. The Supreme Court recognized that the CWIA was enacted in order for the United States to give domestic effect to the Chemical Weapons Convention, a treaty "conceived as an effort to update the Geneva Protocol's protections and to expand the prohibition on chemical weapons beyond state actors in wartime." *Id.* at 2084. The Supreme Court said, *id.* at 2083:

> The question presented by this case is whether the Implementation Act also reaches a purely local crime: an amateur attempt by a jilted wife to injure her husband's lover, which ended up causing only a minor thumb burn readily treated by rinsing with water. Because our constitutional structure leaves local criminal activity primarily to the States, we have generally declined to read federal law as intruding on that responsibility, unless Congress has clearly indicated that the law should have such reach. The Chemical Weapons Convention Implementation Act contains no such clear indication, and we accordingly conclude that it does not cover the unremarkable local offense at issue here.

Relying on principles of federalism, and analyzing the CWIA's text and unique purpose, the Supreme Court found that the Act did not cover Bond's offense. Notably, the Supreme Court observed that *Bond* was "unusual," and that the Court's analysis was "appropriately limited." *Id.* at 2093.

To be sure, the principles discussed in *Bond* are important, but they are wholly unrelated to 18 U.S.C. § 922(j), the statute under which Evans was convicted. *See* ECF 44; ECF 45; ECF 51. *Bond* did not recognize a "new right," nor did it make a new right "retroactively applicable," as required by 28 U.S.C. § 2255(f)(3).

As noted, for equitable tolling to apply here, Evans must demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citations omitted).  In my view, neither scenario is presented in Evans's Petition, and the Supreme Court's decision in *Bond* does not suggest otherwise.

In sum, Evans has not demonstrated any circumstances beyond his control that prevented him from complying with the statutory time limit.  Therefore, he is not entitled to equitable tolling.  Accordingly, his Petition is untimely.

Even assuming, *arguendo*, that the doctrine of equitable tolling applies, Evans fares no better.  This is because his Petition fails on the merits, as discussed, *infra*.

### C.  Tenth Amendment Challenge

As noted, Evans contends that this "federal conviction under 18 U.S.C. § 922(j) must be vacated where the prosecution of the case violated the principles of federalism under the Tenth Amendment."  ECF 55 at 4.

The government counters that 18 U.S.C. § 992(j) "is a proper exercise of Congress's Commerce Power."  ECF 68 at 4.  It also contends that Evans's Petition should be denied because case law demonstrates that § 922(j) "remains constitutional, both on its face and as applied in this case."  ECF 68 at 7.  In addition, the government notes that the stolen ammunition charge came about as part of a negotiated plea agreement, under which the government agreed to dismiss the felon-in-possession charge.  *See* ECF 55 at 17 (discussing the plea negotiations).  It states, ECF 68 at 10:  "It would be an odd result if the petitioner were allowed to raise a procedural challenge to a statute to which he pled guilty as part of his own attempt to resolve his case and have the earlier federal count dismissed."

11

In his Reply, Evans argues that the government has mischaracterized the primary argument in his Petition.  Evans's submissions suggest that he is not challenging the validity of §922(j) itself.  He asserts, ECF 71 at 4:

> . . . Evans' claim does not question whether the codification of 18 U.S.C. § 922(j) is authorized under Congress's power to regulate interstate commerce.  Rather, the question is whether Evans' conduct is such that constitutes an example of "local criminal activity" punishable under state law, and, if so, whether the prosecution by the Government under § 922(j), dramatically intruded upon that traditional state authority, in violation of the principles of federalism.

Further, Evans explains that he "uses the 'ambiguity' analysis applied in **Bond** to demonstrate that the statutory definition of the term 'stolen ammunition' has been improbably broaden [sic] to reach his local conduct in this case, and thus offends the federal-state balance of federalism."  ECF 71 at 3, Reply (emphasis in original).

As an initial matter, although Evans apparently does not challenge the constitutionality of 922(j) on its face, it is important to note that the Fourth Circuit has rejected Tenth Amendment challenges to the constitutionality of a related statute, 18 U.S.C. § 922(g)(1), the felon-in-possession statute.  *See United States v. Moore*, 666 F.3d 313, 316–18 (4th Cir. 2012) (rejecting Tenth Amendment and Commerce Clause challenges to 18 U.S.C. § 922(g)(1)); *United States v. Kline*, 494 F. App'x 323, 325 (4th Cir. 2012) ("[Section] 922(g) expressly requires the Government to prove the firearm was shipped or transported in interstate or foreign commerce. . . . Thus, '[t]he existence of this jurisdictional element, requiring the Government to show that a nexus exists between the firearm and interstate commerce . . . satisfies the minimal nexus required for the Commerce Clause.'"); *see also United States v. McQueen*, 445 F.3d 757, 759 (4th Cir. 2006); *United States v. Williams*, 445 F.3d 724, 740 (4th Cir. 2006); *United States v. Gallimore*, 247 F.3d 134, 136 (4th Cir. 2001); *United States v. Wells*, 98 F.3d 808, 811 (4th Cir. 1996).   As the government points out, the same rationale extends to § 922(j).

Title 18 U.S.C. § 922(j) makes it a crime for a person to "receive" or "possess" any "stolen firearm or stolen ammunition," if the person has any reason to believe the items are stolen, and if the firearm or ammunition are "a part of," "constitutes," or "has been shipped or transported in" interstate or foreign commerce.  Proof of a 922(j) violation therefore requires evidence that the firearm or ammunition was moved or shipped in interstate commerce before or after being stolen.  *See United States v. Moye*, 454 F.3d 390, 395 (4th Cir. 2006).  Thus, like § 922(g), the text of § 922(j) establishes the necessary nexus required for validity under the Commerce Clause.

The government soundly asserts, ECF 68 at 6:

> Because the chemical weapons law at issue in *Bond* had a totally different jurisdictional predication than the firearms statute at issue in this case, *Bond* is of no assistance to the petitioner. The *Bond* Court was abundantly clear that it was *not* considering the scope of the Commerce Clause because the chemical weapons law was not based on that provision. *Id.* at 2087. To the contrary, in reaching its conclusion that the chemical weapons law was ambiguous, the *Bond* Court cited with approval to *United States v. Bass*, 404 U.S. 336 (1971), in which the Court interpreted the predecessor felon-in-possession statute, and determined that, in order to be construed as constitutional, the gun statute required proof that a particular charged firearm had traveled in or affected interstate commerce. 134 S. Ct. at 2089 (citing *Bass*). *Bond*'s approving citation to *Bass* strongly indicates that the Court was affirming its previous approvals of firearms statutes as proper exercises of the commerce power.

In his Plea Agreement (ECF 44), Evans conceded that he possessed a 20-gauge shotgun shell; that "the 20 gauge shotgun round had been stolen and that he had knowledge of the fact that it had been stolen"; and that "the 20 gauge shotgun round was manufactured outside the State of Maryland and therefore affected interstate commerce prior to its recovery on March 6, 2009." ECF 44 at 4–5.  These factual stipulations are sufficient to connect Evans's conduct to interstate commerce.  *Id.*  Thus, Evans has failed to show that his conduct was purely "local" and exempt from the application of § 922(j).

### D. Ammunition

Evans claims that the statutory definition of "ammunition" in 18 U.S.C. § 922(j) is ambiguous, and that this ambiguity has led to improperly broad application of the statute. ECF 55 at 20; ECF 71 at 3. He maintains that ambiguity exists "between the plural form of 'ammunition' and its equally singular form." ECF 55 at 20. In his view, the term "ammunition" does not include crimes such as his, which involve a single piece of ammunition. ECF 55 at 19–20.

Accordingly, Evans argues that his possession of a single shotgun shell is not encompassed within the definition of "ammunition" under the statute. ECF 55 at 20. Thus, he claims the government lacked authority to prosecute him under the statute based on the facts of *his case*, because his conduct was "local criminal activity." ECF 71 at 4.

As discussed, section 922(j) criminalizes the possession of a stolen firearm or "ammunition." Ammunition is defined as "ammunition or cartridge cases, primers, bullets, or propellant powder designed for use in any firearm." 18 U.S.C. § 921(a)(7). Because the listed examples of ammunition are in plural form, Evans argues that the phrase "ammunition" is limited to multiple pieces of ammunition, as opposed to a single round.

The government cites *United States v. Cardoza*, 129 F.3d 6 (1st Cir. 1997), a case that addresses this precise question. ECF 68. In *Cardoza*, the First Circuit found that "the common sense, everyday understanding of the word 'ammunition' encompasses a single bullet or cartridge. . . . If the word 'ammunition' was incapable of meaning one bullet, one would not refer to a 'single round of ammunition.'" *Id.* at 10 (citations omitted). The First Circuit further noted that "even the Supreme Court has assumed, albeit in dicta, that the term 'ammunition' means a single bullet." *Id.* at 10 n.1 (citing *United States v. Batchelder*, 442 U.S. 114, 121 (1979)).

14

I agree with the government that the term "ammunition" in § 922(j), and the term's definition in § 921(a)(17), do not demand that a case involve multiple rounds of ammunition. The statutory text does not require the government to prove involvement of multiple pieces of ammunition in order to prosecute pursuant to the Act. As the government points out, it appears that textual examples that reference ammunition in plural form are simply stylistic.

In sum, a straightforward reading of § 922(j) and § 921(a)(17) indicate that the prohibitions apply whether a case involves multiple rounds of ammunition or just a single round.

### E.  Miscellaneous

Evans asserts various other arguments in support of his Petition, but none is compelling or well-supported. For example, Evans suggests that because he was never charged with possession of stolen ammunition in state court, the federal government was precluded from prosecuting him on this charge in federal court. ECF 55 at 14. Evans does not support this claim with any legal authority, nor is the Court aware of any. Petitioner also discusses the Project EXILE program, but fails to show how the program might have limited the federal charges brought against him. ECF 55 at 14–15.

Evans's Petition also challenges his factual guilt. ECF 55 at 18-19. However, the Statement of Facts in the Plea Agreement (ECF 44 at 4-5) establishes the required elements of a section 922(j) charge. To reiterate, Evans admitted that he knowingly possessed ammunition; that the ammunition had traveled in interstate commerce; that the ammunition was stolen; and that he knew that the ammunition was stolen. ECF 44 at 4–5. Although the Petition suggests that there was no proof that Evans knew or had reasonable cause to believe the shotgun shell was stolen, the factual stipulation contains an express admission that Evans knew the shotgun shell was stolen. ECF 44 at 5; *see United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005)

(finding that allegations in a § 2255 petition that directly contradicted a petitioner's sworn statements, made during a Rule 11 colloquy, were "palpably incredible and patently frivolous or false").[4]

### III. Conclusion

For the foregoing reasons, I conclude that: (1) Evans is not entitled to default judgment; (2) the Petition is time barred and not subject to equitable tolling; and, alternatively, (3) Evans's constitutional challenges lack merit. Accordingly, I shall deny the Motion for Default Judgment (ECF 55) and I shall deny the Petition (ECF 62).

A separate Order follows, consistent with this Memorandum Opinion.


Date:   March 22, 2016                                    _____/s/_____
                                                         Ellen Lipton Hollander
                                                         United States District Judge

---

[4] Although the Court has not been provided with a transcript of the guilty plea proceeding, it is customary in this court for a defendant to be sworn before entering a guilty plea. *See* ECF 44 (Plea Agreement signed by Evans).